RICHARD D. DONNELLY, PLAINTIFF-RESPONDENT, v. PARAMOUNT ORGANIZATION, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

Argued May 5, 1931—Decided June 16, 1931.

Before Justices LLOYD, CAMPBELL and BODINE.

For the defendant-appellant, *Samuel S. Ferster.*

For the plaintiff-respondent, *Alexander T. Schenck.*

PER CURIAM.

The appeal 'in this case brings up a judgment of $239.69 entered in the First District Court of Newark in favor of the plaintiff. The error assigned was the direction of a verdict

in favor of the plaintiff after the opening of counsel for both parties. "The trial judge, in the exercise of sound discretion, may in a proper case direct the verdict. And it is the duty of the court to do so when the facts warrant it, although statutes require issues of fact to be submitted to the jury. Such action does not deprive the party against whom the verdict is directed of his constitutional right to a jury trial, nor is this power in any way affected by the fact that statutes expressly confer on the parties the right to demur to the evidence." 38 *Cyc.* 1563.

The action was brought to recover the deposit money paid upon an application to purchase a Packard automobile. The application contained the following clause: "This application, with deposit, is made with the understanding that you will send me your usual signed purchase order and that if any feature of such purchase contract be objectionable to me or not according to my understanding, you will upon my written request cancel this application and promptly return to me the above-mentioned deposit."

The defendant's attorney stated in his opening that he relied upon the written contract containing the above provision. He admitted that no purchase order was sent forward, and that the plaintiff had requested in writing a cancellation. He sought to go to the jury on the theory that he could show by parol that the defendant had offered to cancel the application if plaintiff would purchase other goods with the deposit money. This it is to be noted was quite apart from the right of the parties to stand upon the written contract.

The action of the trial judge was proper. The provisions of the written instrument were clear and definite. The defendant had admitted every material fact upon proof of which the plaintiff would be entitled to a verdict. The mere circumstance that the defendant sought to alter the terms of the contract could, in no sense, change the legal results. The learned trial judge merely found that there was no offer to prove any fact or circumstance which might bar plaintiff's recovery. *Baldwin* v. *Shannon,* 43 *N. J. L.* 596,

602. The suggestion by defendant's counsel that he would prove an offer to make a new and distinct contract certainly was of no avail in a court of law.

The judgment will be affirmed, with costs.